# UNITED STATES DISTRICT COURT
# IN THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

E.L. HOLLINGSWORTH & CO., a Michigan corporation,

    Plaintiff/Counter-Defendant,

v.

ZURICH AMERICAN INSURANCE COMPANY, an Illinois corporation,

    Defendant/Counter-Plaintiff

Case No. 17-cv-10989

Judge David M. Lawson

Magistrate Judge R. Steven Whalen

## PLAINTIFF /COUNTER-DEFENDANT E.L. HOLLINGSWORTH & CO'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

Plaintiff/Counter-Defendant E.L. Hollingsworth & Co. respectfully opposes Defendant/Counter-Plaintiff Zurich American Insurance Company's Motion for Summary Judgement. In support of this opposition, Plaintiff submits the following: its Brief in Support of Plaintiff's Opposition to Motion for Summary Judgement and the Declaration of Jeff Berlin.

Respectfully submitted,

E.L. Hollingsworth & Co.

Dated: January 15, 2018

*/s/ Eric W. Ruth*
Eric W. Ruth (P80538)
Counsel for Plaintiff/Counter-Defendant
3039 Airpark Drive N
Flint, MI 48507
(810) 391-6279

i

**UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

E.L. HOLLINGSWORTH & CO., a
Michigan corporation,

    Plaintiff/Counter-Defendant,

v.

ZURICH AMERICAN INSURANCE
COMPANY, an Illinois corporation,

    Defendant/Counter-Plaintiff

Case No. 17-cv-10989

Judge David M. Lawson

Magistrate Judge R. Steven Whalen

---

Eric W. Ruth (P80538)
E.L. Hollingsworth & Co.
Attorney for Plaintiff/Counter-Defendant
3039 Airport Drive, North
Flint, MI 48507
(810) 233-7331
eruth@elhc.net

Lori McAllister (P39501)
Attorney for Defendant/Counter-
Plaintiff Zurich American Insurance
Company
DYKEMA GOSSETT PLLC
Capitol View Bldg.
201 Townsend Street, Suite 900
Lansing, MI 48933
(517) 374-9150
lmcallister@dykema.com

---

**PLAINTIFF /COUNTER-DEFENDANT'S E.L. HOLLINGSWORTH
& CO'S BRIEF IN SUPPORT OF RESPONSE TO MOTION FOR
SUMMARY JUDGMENT AS TO PLAINTIFF'S CLAIMS AND AS TO
ZURICH'S COUNTERCLAIM**

**TABLE OF CONTENTS**

INDEX OF AUTHORITIES ................................................................................. iv

STATEMENT OF ISSUES PRESENTED............................................................. v

CONTROLLING OR MOST APPROPRIATE AUTHORITY ............................ vi

INTRODUCTION ................................................................................................. 1

STATEMENT OF UNDISPUTED FACTS .......................................................... 1

ARGUMENT ......................................................................................................... 2

    I.    STANDARD OF REVIEW ................................................................... 2

    II.    DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT FAILS BECAUSE THE FACT EXISTS THAT PLAINTIFF HAS SHOWN THAT DEFENDANT BREACHED THE CONTRACT BY NOT ALLOWING PLAINTIFF TO HANDLE ALL CLAIMS WITHIN ITS DEDUCTIBLE............................................................................ 2

    III.    ZURICH IS NOT ENTITLED TO SUMMARY JUDGMENT ON ITS COUNTERCLAIM FOR PAYMENT OF RETROSPECTIVE PREMIUM ADJUSTMENTS NOW DUE ...................................... 3

CONCLUSION ...................................................................................... 3

# INDEX OF AUTHORITIES

**CASES**

*Emswiler v. CSX Transp., Inc*., 691 F.3d 782, 788 (6th Cir. 2012) ..........................2

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986) .......................2

**RULES**

Fed. R. Civ. P. 56 ............................................................................................... 2

## STATEMENT OF ISSUES PRESENTED

I. Should this Court grant summary judgement to Defendant when Plaintiff has identified a factual basis for its claim that Defendant breached the terms of the insurance policy where Defendant told Plaintiff that it could manage and pay for claims but, in fact, did not allow Plaintiff to handle and pay for claims that Defendant managed and paid for instead?

>Plaintiff says "no."

>Defendant says "yes."

II. Should this Court grant summary judgement to Defendant as Counter-Plaintiff where Defendant overpaid on claims that it knew that Plaintiff could settle for much less and than Defendant did on their own and then subsequently billed Plaintiff for those amounts?

>Plaintiff says "no."

>Defendant says "yes."

## **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

Fed. R. Civ. P. 56

*Emswiler v. CSX Transp., Inc*., 691 F.3d 782, 788 (6th Cir. 2012)

# INTRODUCTION

This case is a dispute over a retrospective insurance policy issued by Defendant Zurich American Insurance Company ("Zurich") to E.L. Hollingsworth & Co. ("ELH"). When the policy was being contemplated, Zurich told ELH that ELH would be able to manage all claims within its deductible and that all claims that were settled would be authorized by ELH's CFO, Jeff Berlin. (Affidavit of Keith Klingenberg, attached as Exhibit. A-1, ¶ 5-6.)

Zurich, in fact, settled claims in amounts that were higher than Mr. Berlin was able to get settlement figures for and then, in turn, billed ELH for amounts that were over that figure. Additionally, Mr. Berlin believes that Zurich paid for settlements inside of ELH's deductible that ELH also paid as well. (Declaration of Jeff Berlin, attached as Exhibit A, ¶ 6.) Zurich then billed ELH on a retrospective adjustment and included in its figures the amounts it overpaid to settle and that it paid out that ELH had already paid.

# STATEMENT OF UNDISPUTED FACTS

ELH is in the business of logistics management and hauling freight via commercial motor vehicles (Complaint, ¶ 8.) ELH entered into a retrospective adjustment insurance policy with Zurich in 2007 and renewed these polices for a period of years from 2007-2010 and from 2012-2013. (Ex. A-1, ¶ 4)

1

# ARGUMENT

## I.     STANDARD OF REVIEW

In order for a party to prevail on a motion for summary judgment pursuant to Fed. R. Civ. P. 56, a moving party must show "there is no genuine issue as to any material fact." *Emswiler v. CSX Transp., Inc*., 691 F.3d 782, 788  (6th Cir. 2012), citing Fed. R. Civ. P. 56 (internal citations and quotations omitted). The non-moving party is then required to move beyond the pleadings and present evidentiary support for their positions. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986).

## II.    DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT FAILS BECAUSE THE FACT EXISTS THAT PLAINTIFF HAS SHOWN THAT DEFENDANT BREACHED THE CONTRACT BY NOT ALLOWING PLAINTIFF TO HANDLE ALL CLAIMS WITHIN ITS DEDUCTIBLE

Based on the fact that even a single item is in dispute, that being that Plaintiff has presented evidence to the court that it was told by Defendant that it would be able to handle all claims within its deductible, but Defendant did not follow through with that practice, there is a genuine issue to a material fact to be decided by a jury. (Ex. A-1, ¶ 5 ) Furthermore, while Zurich claims that ELH has not brought forth any issues to bear, ELH has identified at least one claim at issue with regards of the overpayment of settlements when it identified the Cynthia Mitchell claim when it overpaid by at least $100,000.  (Ex. A, ¶ 5)

2

### III. ZURICH IS NOT ENTITLED TO SUMMARY JUDGMENT ON ITS COUNTERCLAIM FOR PAYMENT OF RETROSPECTIVE PREMIUM ADJUSTMENTS NOW DUE

Defendant counterclaimed Plaintiff for amounts it felt were owed under the retrospective adjustment policy. (Counterclaim, ¶ 10) From the outset of litigation, ELH had requested that Zurich provide evidence of any and all payments made by them on the claims for the policy. Zurich did give access to ELH and its counsel of their online database, but ELH was never afforded full access to the electronic files due to various computing and software compatibilities. ELH asked Zurich and their technology department many times for assistance in resolving these issues, but all requests were ignored and it resulted in ELH never being able to verify the purported claim payments by Zurich. (Ex. A, ¶ 7)

As such, it remains to be seen if payments made by Zurich were in fact also paid by ELH and thus should not have been applied to the retrospective adjustments. And until evidence is provided by Zurich that the amounts paid out to claimants were also not previously paid by ELH, there exists a genuine issue of material fact that must be decided as a matter of fact, not law.

### CONLCLUSION

Plaintiff's Complaint is supported by evidence and must not be dismissed. Additionally, Zurich is not entitled to judgement on their Counterclaim because the terms of the agreements are in dispute.

3

|  | Respectfully submitted, |
|---|---|
|  | E.L. Hollingsworth & Co. |
| Dated: January 15, 2018 | */s/ Eric W. Ruth* |
|  | Eric W. Ruth (P80538) |
|  | Counsel for Plaintiff/Counter-Defendant |
|  | 3039 Airpark Drive N |
|  | Flint, MI 48507 |
|  | (810) 391-6279 |
|  | eruth@elhc.net |

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 15, 2017, I electronically filed the foregoing document with the Clerk of the Court using the ECF system. I hereby certify that I have mailed by United States Postal Service the same to any non-ECF user.

                                              */s/ Eric W. Ruth*
                                              Eric W. Ruth (P80538)
                                              Counsel for Plaintiff/Counter-Defendant
                                              3039 Airpark Drive N
                                              Flint, MI 48507
                                              (810) 391-6279
                                              eruth@elhc.net